Roth, et al. *v.* Tucker, Secretary of the
Commonwealth, et al.

Argued March 3, 1972, before Judges MENCER, ROG-
ERS and BLATT, sitting as a panel of three.

*Daniel E. Cohen* and *Gerald I. Roth,* for plaintiffs.

*Thomas J. Oravetz,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for defendants.

OPINION BY JUDGE MENCER, March 8, 1972:

The importance of what has become popularly known as the Presidential Primary can no longer be underestimated. Its psychological effect on both politicians and the general electorate is enormous. Not only can it influence political trends, but it can often launch or shipwreck the voyage of a presidential hopeful. The national conventions of the various political parties are keenly aware of the voter impact resulting from such primaries.

There has also been a growing belief that the electorate should have a greater voice in the selection of candidates at the parties' national conventions. One method of achieving this desired result would be to afford the voters of any party the opportunity, at state primary elections, to elect delegates to the National Convention who were committed to a specific presidential candidate. In response to this belief the Legislature amended the "Pennsylvania Election Code"[1] by the Act of December 22, 1971, P. L.     , 25 P.S. §2753 et seq., to allow selection of national convention delegates and alternate delegates who are committed to specific Presidential candidates.

Plaintiffs, in the case now before us, are all candidates for District Delegate to the 1972 Democratic National Convention. One of the plaintiffs is seeking election as a delegate committed to Presidential candidate Henry M. Jackson and all other plaintiffs are uncommitted to any particular Presidential candidate. Plaintiffs challenge the legality of the manner of casting lots for the position of names of candidates for Delegate

---

[1] Act of June 3, 1937, P. L. 1333, as amended, 25 P.S. §1 et seq.

and Alternate Delegate on the primary ballot which was prescribed and utilized by the Secretary of the Commonwealth on February 22, 1972.

The Secretary of the Commonwealth formulated the following procedure:

"Lots shall be drawn and ballot positions shall be determined per senatorial or congressional districts. In a case where party rules provide for a candidate for Delegate to express either his commitment to a particular candidate or his uncommitment; the name of each presidential candidate who has filed a Declaration of Candidacy with the Secretary of the Commonwealth and who has submitted petitions of candidates committed to his or her candidacy shall be drawn for ballot positions along with the uncommitted category by the Secretary of the Commonwealth, or her designee.

"The Secretary of the Commonwealth, or her designee, shall draw lots[2] for each Presidential candidate and uncommitted; the lowest number drawn per category shall be placed upon the ballot first. The Secretary of the Commonwealth, or her designee, shall then proceed to the drawing of lots for those candidates within the category which drew the lowest number, and those names shall be placed upon the ballot within that category. The drawing of lots shall continue until all categories and candidates have been placed upon the ballot."

In each election district, candidates for delegates to the National Convention were initially placed in a category determined by the Presidential candidate to whom each candidate was committed. Candidates who were uncommitted were placed in a separate category. In

---

[2] Act of June 3, 1937, P. L. 1333, Art. IX, §915, 25 P.S. §2875, provides for the casting of lots. *See Allardyce v. The Luzerne County Board of Elections*, 78 D. & C. 300, 41 Luz. L. Reg. 485 (1952), for an explanation of the difference between drawing of lots and casting of lots.

each district, lots were first drawn for the position of the categories upon the ballot. We view this adopted procedure to be without authorization of law and beyond the Secretary of the Commonwealth's discretion and power.

The justification given for this procedure is that it will make it easier for a voter to express a preference for President in a meaningful way since grouping will facilitate the finding on the ballot of the names of those Delegate candidates who are committed to a particular Presidential candidate, as well as those who are uncommitted. This logic of convenience may be desirable but it is unsupported by statutory authority. Furthermore, it shifts the focus of the voter's attention upon the Presidential candidates and away from the Delegate candidates who are the ones seeking to be elected and for whom the voters are casting their votes.

It is claimed that the decision to place Delegate candidates first in categories and to draw initially for the position of the categories upon the ballot is in accord with the discretion given to the Secretary of the Commonwealth by Section 915 of the Pennsylvania Election Code, 25 P.S. §2875, which provides in part that: "Immediately after the last day fixed for filing of such nomination petitions with them, the Secretary of the Commonwealth . . . shall fix a day for the casting of lots, *in such manner as may be prescribed by the Secretary of the Commonwealth* . . . for the position of names upon the primary ballots or ballot labels." (Emphasis added.)

We are of the opinion that this provides the Secretary of the Commonwealth only with discretion in terms of the mechanics or method of casting of lots.[3]

---

[3] The Secretary of the Commonwealth did prescribe the manner of drawing lots (see footnote 2) in the present instance. The manner prescribed was as follows:

We do not believe this empowers the Secretary to establish categories of candidates and to first draw for the position of the categories upon the ballot. It is the casting of lots which is to determine the position of names upon the primary ballots or ballot labels and not the Secretary of the Commonwealth's discretion in deciding that the candidates shall be grouped in categories with a candidate's position of name upon the ballots being dependent on the category within which he is included. We believe the Election Code provides that any candidate shall have a chance to have his name positioned first *among all candidates* seeking a

1. The drawing of lots shall commence at 9:00 a.m. on the seventh day following the last day for the filing of nomination petitions at a location in Harrisburg.

2. The Secretary of the Commonwealth shall preside at the drawing of lots; during any absence of the Secretary, the drawing of lots shall be presided over by either the Deputy Secretary of the Commonwealth or the State Commissioner of Elections, in that order.

3. Lots shall be drawn in the following order:

A. President of the United States, United States Delegate to the National Convention, Alternate Delegate to the National Convention, Auditor General, State Treasurer, State Senator, State Representative, and State Committee.

B. Order by party shall be within each category: Democratic, Republican, Constitutional.

4. Order of draw shall be determined by the order in which candidates filed petitions. Candidates having filed first shall draw first.

5. Persons authorized to draw lots:

A. All candidates shall appear in person or be represented by a person duly authorized by letter of attorney signed and notarized.

B. In the event any candidate is not present, either in person or by a representative, at the time of the drawing of lots, the Secretary of the Commonwealth, or her designee, shall appoint some person to represent such candidate.

6. Order for the primary ballot:

A. Ballot positions shall be determined on the basis of the lowest number drawn in the lottery.

given office or position and the outcome to be determined by a casting of lots. Here any candidate within a category not selected to be first on the ballot would have no more than a chance to have his name positioned first *among those candidates grouped within the category* to which he has been placed.

The Section 1002(b) of The Pennsylvania Election Code, 25 P.S. §2962(b), provides in part, that: "The names of candidates *shall in all cases* be arranged under the title of the office for which they are candidates, and be printed thereunder *in the order determined by the casting of lots* as provided by this Act." (Emphasis added.)

This provision was not changed by the Act of December 22, 1971. Our study of this Act leads us to the conclusion that the Act does not provide a procedure for the positioning of names of candidates on ballots or ballot labels. Nor does it amend in any way Sections 915 or 1002(b) of The Pennsylvania Election Code, 25 P.S. §§2875 and 2962. The Secretary of the Commonwealth, being confronted with the provisions of the Act which provided for the selection of delegates and alternate delegates to the National Convention committed to Presidential candidates, attempted to determine ballot positions in a manner that would be of practical convenience in locating delegates or alternate delegates committed to a specific Presidential candidate. If this is desirable and to be done, then it must be so determined and authorized by the Legislature which can effectuate such a result by amending the Election Code. The Legislature has not seen fit to do so as yet, and neither the Secretary of the Commonwealth nor the Courts can supply the authority to achieve such a result. We have no doubt as to the Secretary of the Commonwealth's proper motivation, but we cannot accept the Secretary's substitution of ingenuity for statutory au-

thority. The Secretary's discretion is not so broad as to alter the provisions of The Pennsylvania Election Code or to deprive any candidate of his chance to be listed first among all candidates seeking the same office, as determined by the casting of lots.

Accordingly, for the reasons stated herein, we make the following:

## ORDER

Now, this 8th day of March, 1972, after hearing and careful consideration, we hold that the manner in which the Secretary of the Commonwealth, on February 22, 1972, established the order of the names of candidates for District Delegates and Alternate Delegates to the National Conventions was not in accordance with the Act of June 3, 1937, P. L. 1333, as amended, and is null and void. The Secretary of the Commonwealth is hereby ordered and directed to forthwith fix a day for the casting of lots in accordance with Section 915 of said Act, 25 P.S. §2875, and to establish the order in which the names of candidates for District Delegates and Alternate Delegates to National Conventions are to appear upon the Primary ballots or ballot labels without regard to the candidate's commitment or lack of commitment to a Presidential candidate, and to certify the same for placing upon the official Primary ballots or ballot labels.